UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCOTT A WININGEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF MUNCIE INDIANA, | ) | 1:13-cv-01823-RLY-DML |
| JEFFERY PEASE, | ) | |
| MATTHEW BERGER, | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON THE CITY OF MUNCIE, MUNCIE CHIEF OF POLICE, JEFFREY PEASE, AND MATTHEW BERGER'S PARTIAL MOTION TO DISMISS**

Plaintiff, Scott A. Winingear, brought suit against Defendants, the City of Muncie, the Muncie Chief of Police, Jeffrey Pease, and Matthew Berger (collectively "Defendants") for depriving him of his constitutional rights and committing several torts. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (hereinafter, "Rule 12(b)(6)"). For the reasons set forth below, the partial motion to dismiss is **GRANTED**.

**I.     Background**

On December 8, 2012, Winingear arrived at his mattress store around 8 a.m. (Amended Complaint ¶ 10; Filing No. 11, at ECF p. 3). A couple of hours later, he witnessed a SUV speeding past his store. Winingear shouted "Slow the Fuck Down!" (*Id.* at ¶ 12; Filing No. 11, at ECF p. 3). The SUV was driven by retired Muncie police officer, Gary McCreery. (*Id.* at ¶ 14; Filing No. 11, at ECF p. 3). McCreery backed the

1

SUV up and confronted Winingear. (*Id.* at ¶ 13; Filing No. 11, at ECF p. 3). A heated argument ensued between Winingear and McCreery. (*Id.* at ¶ 13; Filing No. 11, at ECF p. 3). McCreery drove away after the argument, and Winingear returned to his store. (*Id.* at ¶ 37, Filing No. 11, at ECF p. 6).

McCreery called the police and reported that he was driving home when Winingear[1] pulled out in front of his SUV and slowed down to 10 miles per hour. (*Id.* at ¶ 44, Filing No. 11, at ECF p. 6-7). McCreery alleged that after the vehicles stopped, Winingear yelled that he would kill McCreery while waving a foot long hunting knife. (*Id.* at ¶ 49). McCreery called and reported this to the police. (*Id.* at ¶ 55, Filing No. 11, at ECF p. 8).

Officers Pease and Berger were dispatched to the store; Officer Pease was the first to arrive. (*Id.* at ¶¶ 69-70, Filing No. 11, at ECF p. 10). Officer Pease failed to conduct a cursory investigation to determine if Winingear's vehicle had been recently driven as McCreery reported. (*Id.* at ¶ 73; Filing No. 11, at ECF p. 11). Additionally, Officers Pease and Berger did not search for the knife despite being given permission to search the car and the store. (*Id.* at ¶¶ 80-81, Filing No. 11, at ECF p. 12). Rather, they arrested Winingear and took him to jail. (*Id.* at ¶¶ 84, 86; Filing No. 11, at ECF p. 12).

Winingear brought the present lawsuit alleging the deprivation of his constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and a violation of the Indiana Constitution. Additionally, he alleged a violation of his equal

---

[1] McCreey indicated that he did not know who was driving, but it was later alleged to be Winingear.

2

protection rights under the United States Constitution and several torts. Subsequent to the filing of Defendants' partial motion to dismiss, Winingear moved to dismiss several claims, which the court granted. ([Filing No. 43](); [Filing No. 44](); [Filing No. 45]()).

## II. Standard

The Defendants bring their motion to dismiss under Rule 12(b)(6), which authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." [FED. R. CIV. P. 12(b)(6)](). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. [Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)](). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." [Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)](). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." [Id. at 555]().

## III. Discussion

### A. Deprivation of Constitutional Rights[2]

#### i. Fourteenth Amendment Claims

Winingear alleges that the Defendants violated his Fourteenth Amendment right by subjecting him to an unreasonable seizure, arrest, detention, and confinement.

---

[2] Defendants did not move to dismiss Winingear's claims under the Fourth Amendment to the United States Constitution. As such, these claims remain against Defendants.

3

Defendants move to dismiss the Fourteenth Amendment claim; Winingear does not respond to this part of the motion to dismiss.

In support, the Defendants rely on *Lopez v. City of Chicago*. In that case, the Seventh Circuit stated that "we have held that 'the Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause.'" *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). Winingear does not allege any seizures occurring after his preliminary hearing; therefore, he fails to state a claim under the Fourteenth Amendment's Due Process Clause. That claim is therefore **DISMISSED**.

### ii. Equal Protection Claims

Winingear also asserts that his right to equal protection under the U.S. Constitution was violated by Defendants. Defendants move to dismiss this claim; Winingear does not respond. The Seventh Circuit has held that, "[t]o state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Winingear fails to allege that he is a member of any particular group. As such, he fails to state a claim upon which relief can be granted. The Equal Protection claim is therefore **DISMISSED**.

### iii. Indiana Constitutional Claims

Additionally, Winingear alleges that the Defendants' actions violated the Indiana Constitution. Defendants argue that there is no private right of action for monetary damages under the Indiana Constitution. Winingear does not respond to this argument. This court has held that there is no implied private right of action for damages under the Indiana Constitution. *See* [Fermaglich v. Indiana, No. IP-01-1959-T/K, 2004 WL 2750262, * 44 (S.D. Ind. Sept. 29, 2004)](#) (citations omitted). The court reaffirms that holding. Therefore, Winingear's claims that the Defendants violated his rights under the Indiana Constitution are **DISMISSED**.

### iv. Remaining Claims Against the City of Muncie[3]

Winingear also sues the City of Muncie under Section 1983 pursuant to [Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)](#). It is undisputed that for the City of Muncie to be liable for violating Winingear's constitutional rights, he must plead that his false arrest and incarceration resulted from a policy or custom of the City of Muncie's Police Department. [*See id.* at 694](#). Defendants argue that Winingear fails to state a *Monell* claim that is plausible on its face. In response, Winingear asserts that in Paragraph 74 of his complaint, he states that:

> Officer Pease apparently elected to ignore[] Muncie Police Department General Order 2-14 {Conducting Preliminary Investigations}, where said Order requires the first officer on the scene to render aid, preserve

---

[3] The court has previously dismissed Winingear's fourth claim for relief alleging negligent hiring, training, and retention on the part of the City of Muncie. ([Filing No. 45](#)). In addition, the court dismissed the third and fourth claims of relief, which were brought against all defendants. ([Filing No. 45](#)).

> evidence, preserve the crime scene (if any), interview and question victims, witnesses or suspects, and *determine if a crime has been committed*.

(Amended Complaint ¶ 74; [Filing No. 11, at ECF p. 11](#)). Additionally, Winingear alleges that the City of Muncie failed to keep the policies and procedures up to date. (*Id.* at ¶ 135; [Filing No. 11, at ECF p. 19](#)).

The court agrees with Defendants; Winingear fails to allege that the City has a policy or custom that resulted in his unlawful treatment. In fact, he alleges the opposite – that if Officer Pease had followed the policy, then he would not have been unlawfully seized and detained. Therefore, the court **DISMISSES** the *Monell* claim against the City of Muncie.[4]

### B. State Tort Law Claims

The court previously dismissed Winingear's fifth claim for relief ([Filing No. 45](#)), which asserts claims for false arrest, false imprisonment, battery, malicious prosecution, and intentional infliction of emotional distress. (Amended Complaint ¶ 139; [Filing No. 11](#)). Nevertheless, in his response in opposition to Defendants' motion to dismiss, Winingear still asserts that his state law claims are not barred by the Indiana Tort Claims Act's filing requirements. Defendants argue that the tort claims are barred because (1) his tort claim notice was untimely and (2) this suit was filed before the tort claim was denied.

---

[4] Winingear also sues the officers in their official capacity, which would be the equivalent to a suit against the public entity itself. *See [Kentucky v. Graham](#), 473 U.S. 159, 165-66 (1985)* (citation omitted). Because this is duplicative of suing the City of Muncie, the court also **DISMISSES** any and all claims against the officers in their official capacities.

The Indiana Tort Claim Act provides that all claims filed against a political subdivision must be filed within 180 days of the loss. In addition, "[a] person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." Ind. Code 34-13-3-13; *see also* Washington v. Schumann, No. 2:09-cv-270-PRC, 2013 WL 5314610, * 5 (N.D. Ind. Sept. 19, 2013) (slip copy) ("a would be plaintiff may only pursue a lawsuit to the extent that the governmental agency has denied his claim."). Because the claims are untimely and were not denied at the initiation of this lawsuit, any state law tort claims remaining are **DISMISSED**.

### IV. Conclusion

Winingear fails to allege sufficient facts to sustain claims under the Fourteenth Amendment, Equal Protection Clause, Indiana Constitution, and state tort law. Additionally, he fails to state a claim against the City of Muncie. As such these claims are **DISMISSED**, and the court **GRANTS** Defendants' partial motion to dismiss (Filing No. 23). The Fourth Amendment claims of false arrest and imprisonment remain against the Defendants.

**SO ORDERED** this 4th day of April 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.